�EDKy 520 (Rev. 01/22) Complaint under §1983 or Bivens Action

---

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
__Eastern__ **DIVISION at** __Lexington__

Eastern District of Kentucky
FILED
JUL 22 2024
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. _____ (Court Clerk will supply)

__Joseph L. Silverburg et. Al.__
**PLAINTIFF**

VS:

Demand for Jury Trial:
Yes (✓) No (__)

__Capt. Adam T. Moss__
__Jail Guard N. Chandler__ (do not use "et al.",
__Sgt. Waters, Guard Woodrun__ enter full names)
__Lamasia Brown Adm Specialist; Healthcare Doctor__
__Sgt. Harvey Cloyd And G. Scott Colvin, Director__
**DEFENDANTS**

"All defendants are being sued in both their official and individual capacity."

## I. Plaintiff:

A. Name (list any aliases): __Joseph L. Silverburg__

B. Prisoner ID #: __26773__  Check one: Convicted ___  Pretrial Detainee ✓

C. Place of present confinement: __Fayette County Detention Center__

D. Address: __600 Old Frankfort Cir. Lexington, KY. 40510__

## II. Defendant(s): (additional defendants may be listed on a separate sheet of paper)

A. Defendant's Name: __Adam T. Moss__
   Title or Position: __Capt. Correction Officer__
   Place of Employment: __Fayette County Detention Center__

B. Defendant's Name: __Nicholas Chandler__
   Title or Position: __Jail Guard__
   Place of Employment: __Fayette County Detention Center__

Page 1 of 8

EDKy 520 (Rev. 01/22) Complaint under §1983 or Bivens Action

C. Defendant's Name: Sgt. Waters
   Title or Position: Jail guard
   Place of Employment: Fayette County Detention Center
D. Defendant's Name: Chesley Woodrum
   Title or Position: Jail guard
   Place of Employment: Fayette County Detention Center
E. Defendant's Name: Healthcare Provider or Doctor
   Title or Position: Medical Doctor
   Place of Employment: Fayette County Detention Center

## III. Statement of Claim:

Below you should state the **FACTS** of your case. You don't need to make legal arguments or refer to any cases or statutes.

If you wish to allege a number of related claims, write out each claim in a separate numbered paragraph. (If you need more space, you may attach extra sheets).

A. What happened? Explain specifically what each Defendant did or failed to do.

1.) On February 23, 2024, Corr. Ofc. Romans was conducting a visual observation Ofc. Romans smelled something burning in JW-5. Three black inmates were in fact smoking "synthetic marijuana with fentanyl on the synthetic marijuana." The contraband was brought into the Fayette County Detention Center by Sgt. Netosia Campbell to one of the inmates that was smoking on 2/23/2024. Defendant Correction Ofc. Sgt. Waters asked the Unit JW-5 who was smoking? Plaintiff spoke-up and stated that the inmate should be 21 and take responsibility for their action. Nobody (inmate) was man enough to speak up plaintiff asked defendant Sgt. Waters to

EDKy 520 (Rev. 01/22) Complaint under §1983 or Bivens Action

Review the JJ-5 video and he, Sgt. Waters, will see who was smoking in the restroom. Defendant Sgt. Waters asked all inmates to show their "finertips." Sgt. Waters determined from scar-tissue on plaintiff's left thumb that plaintiff was smoking. Plaintiff told defendant Sgt. Waters plaintiff was sitting on his bed working on Motion to Supreme Court of Kentucky. Defendant Sgt. Waters stated he was not going to review video. Sgt. Waters told plaintiff he was placing plaintiff in disciplinary segregation for possession of non dangerous contraband Minor Class 2 offense. Attached as plaintiff Exhibit #1 Disciplinary Hearing Notice. On February 27, 2024, Captain R. Frans found the plaintiff Not Guilty, after hearing the testimony and reviewing the February 23, GG-5 video and ordered the plaintiff relieve from

— Continue on Attached Pages —

B. When did these events happen?

From August 11, 2023 thru, August 11, 2024

⚑EDKy 520 (Rev. 01/22) Complaint under §1983 or Bivens Action

C. Where did these events happen?

In Lexington KY. County of Fayette At the Fayette County Detention Center.

D. What rights under the Constitution, federal law, federal regulations, state law, or state regulations do you allege the Defendant(s) violated? State the specific constitutional provision or law if you know it. Plaintiff claims that the defendants violated plaintiff's First, Fifth, Sixth, Eighth and Fourteenth Amendment Rights under the United States Constitution And the Kentucky Constitution.

## IV. Exhaustion of Administrative Remedies

A prisoner must complete all steps of the prison's grievance process before filing any lawsuit that relates to prison conditions.

A. **Federal Prisoners** answer the following: N/A

1. Did you file a grievance regarding the facts in this Complaint under Bureau of Prisons regulations? YES (__) NO (__) N/A

2. If so, did you (check **ALL** that apply):
   ___ file a request or appeal to the Warden _____ date
   ___ appeal to the Regional Director _____ date
   ___ appeal to the Office of General Counsel _____ date

3. **ATTACH** a copy of each grievance or appeal form you filed and the prison's response(s) to each grievance or appeal.

Page 4 of 8

4. What was the result? // //

_____

5. If you did not file a grievance, why not? // //

_____

B. **State Prisoners** answer the following: N/A

1. Did you file a grievance regarding these facts under Kentucky Department of Corrections CPP 14.6 or an appeal of a disciplinary decision to the warden under CPP 15.6? YES (___) NO (___) N/A

2. If you filed a grievance under CPP 14.6, did you (check **ALL** that apply):

    ____ file a grievance and seek an informal resolution     ____ date
    ____ request a hearing from the Grievance Committee       ____ date
    ____ appeal to the Warden                                  ____ date
    ____ appeal to the Commissioner                            ____ date

    Did you file an appeal of a disciplinary decision to the warden under CPP 15.6?
    YES (___) NO (___)
    ____ date

3. **ATTACH** a copy of each grievance or appeal form you filed and the prison's response(s) to each grievance or appeal.

4. What was the result? // //

_____

5. If you did not file a grievance, why not? // //

_____

Page 5 of 8

EDKy 520 (Rev. 01/22) Complaint under §1983 or Bivens Action

C. **County or City Prisoners** answer the following:
1. Is there a grievance/appeal policy at your jail?   YES (✓) NO (__)
2. **ATTACH** a copy of the grievance/appeal policy to your Complaint, if available. If not, briefly describe the grievance/appeal policy below.

_____

3. Did you file a grievance regarding these facts?   YES (✓) NO (__)
4. If you filed a grievance:

a. What steps did you take to use the grievance process? _____
   See plaintiff's claim No. 11 And 12

b. What was the result?   See Attached Grievances

c. If unsuccessful, did you file an appeal?   YES (__) NO (__)
d. What was the result? Capt. Adam Moss pick And chose which grievance it will allow inmate to Appeal to "Director of FCDC.
e. Did you take any further steps in the grievance process?
   YES (__) NO (__)    NO MORE AVAILABLE (✓)
f. What was the result? _____

5. If you did not file a grievance, why not?: Some grievances Cpl. Chandler or Cpl. Woodrum Will Not Allow inmates to file "legitimate" grievance if its against Capt. A. Moss or Inmate Service ~~~~ Counselors.

EDKy 520 (Rev. 01/22) Complaint under §1983 or Bivens Action

## V. OTHER LAWSUITS

A. Have you filed any other lawsuit **dealing with the same facts** raised in this action? YES (✓) NO ( )

B. If your answer to question A is **YES**, describe the lawsuit in the space below. If you filed more than one other lawsuit, provide the same information for each other lawsuit on additional sheets of paper.

1. PARTIES:
Plaintiff: Joseph L. Silverburg
Defendant(s): Fayette County Detention Center G. Scott Colvin, Motion For Temporary Injunction CR 65.04

2. COURT: (name the district for a federal court, or the county for a state court)
Fayette Circuit Court

3. CASE NO.: _____ DATE FILED: _____

4. OUTCOME: (is the case still pending? was it dismissed? being appealed?)
Just submitted to Fayette Circuit Court

5. DATE OF JUDGMENT, DISMISSAL, or APPEAL: _____

C. List any other lawsuits that you have filed in any state or federal court: NONE

1. Plaintiff _____ vs. Defendant(s) _____
   Court Name: _____ Case No.: _____
   Nature of Claim: _____ Date Filed: _____
   Outcome: _____ Date: _____

2. Plaintiff _____ vs. Defendant(s) _____
   Court Name: _____ Case No.: _____
   Nature of Claim: _____ Date Filed: _____
   Outcome: _____ Date: _____

◈EDKy 520 (Rev. 01/22) Complaint under §1983 or Bivens Action

3. Plaintiff _____ vs. Defendant(s) _____

    Court Name: _____  Case No.: _____

    Nature of Claim: _____  Date Filed: _____

    Outcome: _____  Date: _____

## VI. Relief:

State exactly what you want the Court to do for you. You don't need to make legal arguments or refer to any cases or statutes, just explain what you want to happen if you prevail on your claim.

Plaintiff seeks a Declaratory Judgment declaring that the defendants violated plaintiff's Rights. Plaintiff seeks punitive damages from each named defendants of $50,000.00 dollars. Plaintiff seeks compensation damages from each named defendant of $50,000.00 dollars.

## VII. Review this Form

Please take a moment to go back and review your responses to each of the questions. Immediately below you are required to certify under penalty of perjury that the information you have provided in this form is correct to the best of your knowledge, so please make sure that your responses fully and accurately explain your claim.

## CERTIFICATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Joseph L. Silverburg  216773                         July 11, 2024
Signature of Plaintiff    Prison ID#                 Date

Plaintiff's Address:  Fayette County Detention Center
                                    1000 Old Frankfort Cir.
                                    Lexington, KY. 40510

Continue Page 9

disciplinary segregation. On February 24, 2024, the next day after the "smoking incident" the defendant Sgt. Waters, went back Unit JJ-5 and spoke with two of the inmates who was smoking, and defendant Sgt. Waters told these two inmates quote:

"I Sgt Waters needed someone to blame so I Sgt. Waters chose Silverburg because I Sgt. Waters don't like Silverburg, because Silverburg is always legal stuff on the staff."

The Court will note the above information was given to plaintiff from inmate D. Jones, who was later moved to GG-1 as plaintiff is housed in GG-5.

2.) Plaintiff claims that "indigent inmates" are denied reasonable access to the Courts by the defendants. Specifically, plaintiff claims that "indigent inmates" are denied (paper and pens to prepare and draft their legal pleadings). Plaintiff claims that indigent inmates are denied [sic] copy of indigent inmate's "Six (6) Month Financial Statement. Plaintiff claims that inmates are denied a Notary, to have their legal pleadings Notarized by the defendants.

Continue Page 10.

Attached as plaintiff's exhibit #2 plaintiff's Aug. 25, 2023 (Inmate Service Request Form). Exhibit #3 plaintiff's June 10, 2024 Inmate Service Request Form and "copy" of Fayette Circuit Court Judge Lucy A. VanMeter's, Order "Directing the defendants [sic] to provide plaintiff Silverburg with Reasonable Access..." Plaintiff's exhibit #4 is defendant Lamasia Brown's "Denial" of plaintiff's request copy of plaintiff's last six months financial statement.

Plaintiff argues to the Court that the fundamental policy of Kentucky Open Record Act is free and open examination of public records is in the public interest... Com. v. Courier Journal, 601 S.W. 3d 501 (Ky. Ct. App. 2020) See KRS 61.870, et seq., A free and open examination of Public Records. id.

Notice: The Court is asked to note that (Plaintiff has repeatedly filed Grievances on plaintiff's claim of Indigent Inmates being "Denied Reasonable Access" to the Courts.)

2.) Thirdly plaintiff claims that inmates in the Fayette County Detention Center are often assaulted by FCDC Correction officers or threatened to be assaulted by Fayette County Detention Center C.O.'s hereinafter (FCDC) and FCDC inmates are denied their rights to speak Kentucky State

Continue Page 11

Police or the Lexington Metro Police to file criminal charges. On Sept. 11, 2023, Capt. Hershey came into Unit KK called plaintiff out in front of the "Whole Unit" and threatened to assault the plaintiff and same is on video. See Grievance # 29130.

On November 9, 2023, defendant Sgt. Harvey Liz Cloyd told inmates in GG-5 to get plaintiff because plaintiff accused defendant Sgt. Cloyd and Sgt. Netoria Campbell of smuggling (drugs) contraband into FCDC. See Grievance # 29355.

4.) Plaintiff claims that the defendants "Do Not Enforce" the Fayette County Detention Center's Rules, Regulations and Policies for the disciplining of inmates and the failure to discipline, disruptive and disrespectful inmates "creates a hostile, volatile and dangerous environment." Every night 4 to 6 young inmates D. Carter, A. Bock, inmate Ritter and Hayes stay up all night playing cards or horse-playing like they fighting. Such behavioral constitute "cruel and unusual punishment. See Grievance # 31048. Plaintiff's Exhibit # 6

5.) Plaintiff claims that inmates in one housing unit like GG-1 is allowed to come in GG-5 to play poker or to get their hair done or to assault

another inmate. During the month of June 2023 "A small gun" was brought into the Fayette County Detention Center by a black Correction officer for a black inmate to kill another black inmate. See Grievance ? Said Grievance was filed same was lost by plaintiff, or submitted to Fayette Circuit Court.

6.) Plaintiff claims that Fayette County Detention Center is "A health Haphazard!" The FCDC is filth, Dirty and unsanitary! All the units smells like "urining!" See Grievance # 29334, Exhibit # 7.

7.) Plaintiff claims that the defendant Fayette County Detention Center does Not have "In House Mail Box" to allow indigent inmates to communicate with defendant Chief Jailer G. Scott Colvin for purposes of bringing complaint to the attention of the administration of lawful redress. Exhibit # 8 Grievance # 31079.

8.) Plaintiff claims that "Pre-Trial Detainees" are forced to "work" to bring the food trays to the units or to take the food trays to the food cart. On November 10, 2023 Correctional Officer Richwall threatened to take disciplinary action against a 69 year old senior citizen because senior citizen refused to carry heavy trays down two flight of stairs. Exhibit # 9 Grievance

Continue Page 13.

# 29343

9.) Plaintiff claims that inmates housed at Fayette Co. Detention Center are arbitrarily denied their fundamental Due Process under, Wolff v. McDonnell, 418 U.S. 539 (1974). Inmates at Fayette County Detention Center are punished for Rule violation of another inmate. If one inmate violate the Rules all inmates are punished. Inmates are not afforded their Rights under, Wolff id. Plaintiff's exhibit # 10 Grievance # 30445.

10.) Plaintiff claim one (1) that the Fayette Co. Detention Center "operates the inmates Canteen or Commissary for a Profit" in violation of §§ 173 and 246 of the Kentucky Constitution and KRS 61.190. The Kentucky Constitution prohibit a "profit from being make from Public Jail or Prison. See KRS 441.135 - Canteen For Prisoners.
 Plaintiff's second claim is that the defendants the Fayette County Detention Center and the "Keefe Commissary Group" is engaging in Federal Criminal Racketeering Activities in violation of 18 U.S.C. § 1962(c). See Cedric Kushner Promotions v. King, 533 U.S. 158 (2001).

11.) Plaintiff claim that inmates housed in the Fayette County Detention Center are deprived

Continue Page 14.

of a fair Grievance Procedural Process, the plaintiff claim that Fayette County Detention Center "Inmate Services Counselors" Job description, meaning "Advocate for the Inmates." Definition of "Counselors" advice or guidance or lawyer an Advocate. Plaintiff states that Fayette Co. Detention Center's Inmate Service Counselors "Act as the Adversary and as the Decision-Maker." Thus, plaintiff claim that inmates are denied a full and fair Grievance Committee. The plaintiff allege that FCDC inmates are denied an "unbias independent Grievance Committee. Attached as plaintiff's Exhibit #11 Grievance #30444 #31076 and names of all Inmate Service Counselors which is also the names of all the "Adversary and Decision-Makers," of the grievance committee.

12.) Plaintiff claim that inmates at or housed in Fayette Co. Detention Center are subject to retaliation, reprisal and punishment for filing a Grievance Against Correction officer. On June 10, 2024 plaintiff received from defendant C.O. Woodrum Response stating:

"Grievance issued.

Inmate Silverburg I would Advise you not to make accusations that I am a

"White Racist." Your statement is not based on any fact and is disrespectful and disruptive conduct that could result in disciplinary action. Attached as the plaintiff's Exhibit #12A June 9, 2024 threat from defendant C.O. Chesley Woodrum."

The Court will Note plaintiff is waiting on the results of the plaintiff's two (2) Grievances.

13.) Plaintiff claims that he is being denied Medical care and treatment of plaintiff's serious "brain issue" Neurosis and Neurology issues and injury. Plaintiff states on March 30, 2023, plaintiff slipped and failed at the East 3rd Street and Elm Tree Lane Bus Stop. Plaintiff's slip and fall resulted in plaintiff breaking his "chin in halves" and breaking both of plaintiff's "right and left mandibulars." During the Month of July 2023, plaintiff's primary care Physician expressed her Expert Opinion after her Medical Examination that plaintiff suffer from "Serious Brain Injury." Plaintiff's Primary Care Physician scheduled plaintiff for visit with Brain-Specialist to determine plaintiff's "Repeated and Constant Blackouts, Dizziness and lost of plaintiff's Equilibrium." Medical Appointment was scheduled for 8/17/2023.

Thus, plaintiff alleges that defendant's Health

Continue Page 16

Care Services Provider "Is And Was," at All Times Deliberate Indifference to the plaintiff a pretrial detainee's serious Medical Need and Treatment. On Sept. 3, 2023, plaintiff was taken to defendant's Medical Unit on "code 100" (Medical Emergency) after plaintiff "blacked out." Once plaintiff was conscious plaintiff was "dizzy and lost of his equilibrium" from the plaintiff's "Brain Injury." Plaintiff was taken to defendant's Medical Unit at which time the defendant's Medical Doctor advised plaintiff that "there was nothing they can do for plaintiff but placed plaintiff in Medical observation." Defendant's Medical Doctor advised plaintiff that he was "aware" of plaintiff's "possible Neurological injury." Thus he (Doctor) was placing plaintiff in "Medical Observation."

On Sept. 5, 2023 plaintiff was release from Medical Observation an on the Order of Cpt. Hershey placed in Administrative Segregation or on the defendant's "Segregation Suicide Unit, until on or about November 20 2023. Attached plaintiff's Exhibit #13 Grievance #29140 and grievance #29186.

14.) Plaintiff claims that the defendants on or about June 15, 2024, plaintiff submitted to defendants' Inmate Services plaintiff's drafted and hand-written §1983 Civil Rights Complaint

Continue Page 17

alleging "numerous" Constitutional violations against Capt. Adam T. Moss, Corr. Ofc. N. Chandler and Corr. Ofc. C. Woodrum for copying. After week pass the plaintiff inquired with Corr. Ofc. Woodrum about plaintiff's §1983 Civil Rights Complaint? On June 17, 2024 plaintiff got back all his exhibits but not plaintiff's §1983 Civil Rights Complaint. See plaintiff's exhibit #14 defendant Woodrum response, dated 6/17. On June 19, 2024, plaintiff sought to file grievance against Capt. Moss and Corr. Ofc. Woodrum for destruction of plaintiff's 1983 Civil Rights Complaint to this United States District Court. Defendant Corr. Ofc. Woodrum refused to allow plaintiff to file grievance on destruction of plaintiff's 1983 Civil Rights Complaint against Capt. Moss and Inmate Services. Attached as plaintiff's exhibits #15 June 19, 2024 Inmate Services Forms - A and B.

On June 26, 2024, plaintiff received from Corr. Ofc. Woodrum Inmate Service Counselor Response stating:

"This paper work was found in shift command Motions and exhibits."

The paper work was pages 1 of 8 and 8 of 8 of plaintiff's §1983 Civil Rights Complaint attached herewith and plaintiff's exhibits #2 and #3 attached

Continue Page 18

as plaintiff's exhibit #16.

15.) Plaintiff claims that "pretrial detainees" are punished in violation of pretrial detainees Fifth and Fourteenth Amendment Rights as was the case with plaintiff. Notwithstanding the Court's holding in:

16.) Plaintiff claims that inmates in the Fayette County Detention Center are prohibited from getting legal assistance from another inmate. Cf. Johnson v. Avery, 393 U.S. 483 (1969).

17.) Plaintiff claims inmates who are functional illiterate are denied legal assistance from other inmates as is the case with inmate Glen A. Butler. On January 12, 2024 Corr. Ofc. Moore, used unreasonable and excessive force on inmate Butler when he Corr. Ofc. Moore "slammed the steel door on inmate Butler's hand." The incident is on jail video. Inmate Glen Butler, is illiterate inmate Butler, asked plaintiff to assist him Butler with a lawful redress of the "assault" by Corr. Ofc. Moore on January 12, 2024. The defendants have prohibited plaintiff from assisting inmate Butler and are denying inmate Butler reasonable access to the Courts. Plaintiff's exhibits #17 inmate services forms of July 1, 4 and 6, 2024 and see Grievance #31130 denied because written by plaintiff.

Continue Page 19

18.) Plaintiff claims that inmates who are illiterate are denied by defendant Capt. Adam Moss, their right to speak with "Law Enforcement" to file criminal complaints against correctional officers to criminally "assault inmate(s) in FCDC." On March 5, 2024 inmate Glen A. Butler, was denied his right to one(1) speak Lexington Metro Police concerning Corr. ofc. Moore deliberately slamming steel door on inmate Butler's hand. See Plaintiff's exhibit #18 inmate Butler's incompetent "criminal complaint. See Kendrick v. Bland, 541 F. Supp. 21 (W.D. Ky. 1981).

19.) Plaintiff claims that defendants Inmate Services Counselors see plaintiff's exhibit #19 (Inmate Service Counselors Names) are using the Inmate Service Counselors' office as a "Criminal Enterprise" through a pattern of criminal racketeering activities in violation of 18 U.S.C. § 1962. Such activities as "drug trafficking Sgt. Harvey Cloyd and Sgt. Netoria Campbell, assaults and threat of assaults to continue the criminal enterprise. Also a pattern of "false and fraudulent grievance decisions to affect state and federal courts judicial decisions, at the direction and order of defendants Capt. Adam Moss, Col. Hector Joynes and Chief G. Scott Colvin. The Court will note that defendant Sgt. Netoria Campbell is in Jail in the state of _____, to wit: Trafficking in "fentanyl and heroin."